

NUMBER 13-12-00401-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

GUADALUPE CORTEZ,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                  Appellee.

### On appeal from the 148th District Court
### of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez, and Longoria
Memorandum Opinion by Justice Longoria**

By two issues, Guadalupe Cortez appeals the trial court's judgment revoking his

deferred adjudication community supervision, adjudging him guilty, and imposing a two

year prison sentence for the second degree felony offense of possession of four grams

or more but less than two hundred grams of cocaine. *See* Tex. Health & Safety Code Ann. § 481.102(3)(d) (West 2010) ("Penalty Group 1 [includes] . . . [c]ocaine . . . ."); *id.* § 481.115(d) (West 2010) ("Possession of [a] [s]ubstance in Penalty Group 1 . . . is a felony of the second degree if the amount of the controlled substance possessed is, by aggregate weight, including adulterants or dilutants, four grams or more but less than 200 grams."); Tex. Penal Code Ann. § 12.33(a) (West 2011) ("An individual adjudged guilty of a felony of the second degree shall be punished by imprisonment in the Texas Department of Criminal Justice for any term of not more than 20 years or less than 2 years."); Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (West Supp. 2013) ("The determination to proceed with an adjudication of guilt on the original charge is reviewable in the same manner as a revocation hearing conducted under Section 21 in a case in which an adjudication of guilt had not been deferred."). For the reasons set forth below, we affirm the trial court's judgment.

In his first issue, Cortez contends that the evidence presented by the State at the hearing on the State's motion to revoke was insufficient to support the trial court's finding that he violated the terms and conditions of his probation by committing the new offenses of unlawful possession of a firearm and possession of a controlled substance (namely, cocaine) within 1,000 feet of a drug-free zone with intent to deliver. *See* Tex. Penal Code Ann. § 46.04 (West 2011) ("Unlawful Possession of Firearm"); Tex. Health & Safety Code Ann. § 481.112 (West 2010) ("Offense: Manufacture or Delivery of Substance in Penalty Group 1"); *id.* § 481.134 (West Supp. 2013) ("Drug-Free Zones"). The State alleged, and the trial court found to be "true," fourteen different violations. Cortez pled "true" to twelve of the fourteen violations, including failure to pay various fees, failure to

report any change of residence, job, or job status, failure to attend "felony victim impact panel," failure to participate in the "specialized caseload for substance abuse program" by failing to report in March, April, May, June, and July 2011, failure to attend "Coastal Bend Outpatient Program," and failure to complete 45.75 of 120 hours of community service restitution. On appeal, Cortez has not challenged the trial court's finding that he committed the twelve violations to which he pled "true." *See Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979) ("Appellant's plea of true, standing alone is sufficient to support the revocation of probation."). Since "proof of a single violation will support revocation," Cortez cannot establish reversible error by demonstrating that the evidence is insufficient to support the trial court's finding with respect to the two new offense violations involving unlawful possession of a firearm and possession of cocaine with intent to distribute. *Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012). Accordingly, Cortez's first issue is overruled.

In his second issue, Cortez contends for the first time on appeal that the trial court violated his rights under the Eighth and Fourteenth Amendments to the United States Constitution by imposing a sentence that was disproportionate to the seriousness of the alleged offense. *See* U.S. CONST. amends. VIII, XIV. Cortez's failure to specifically object to an alleged disproportionate or cruel and unusual sentence in the trial court or in a post-trial motion waived any error for the purposes of appellate review. *See Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) ("Since, appellant is raising this argument for the first time on appeal, any error is waived."); *Noland v. State*, 264 S.W.3d 144, 151 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) ("[I]n order to preserve for appellate review a complaint that a sentence is grossly disproportionate, constituting cruel and

unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired.").  Accordingly, Cortez's second issue is overruled.

The trial court's judgment is affirmed.


                                        NORA L. LONGORIA
                                        Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
27th day of March, 2014.